IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
OCT 2 4 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JAMES C. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:03-CV-2615-G |
| CRESCENT JEWELERS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On October 20, 2003, defendant Trans Union LLC (improperly sued herein as Trans Union Corporation) filed an answer in this case but did not provide the clerk with a certificate of interested persons. N.D. Tex. Civ. R. 7.4 requires that

> [t]he initial responsive pleading that a defendant files in a civil action must be accompanied by a separately signed certificate of interested persons that complies with LR 3.1(f). If the defendant concurs in the accuracy of another party's previously filed certificate, the defendant may adopt that certificate.

LR 3.1(f) in turn requires that

> [w]hen a complaint is filed, the plaintiff must provide the clerk with . . . a separately signed certificate of interested persons that contains a complete list of all persons,

associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities who or which are financially interested in the outcome of the case. If a large group of persons or firms can be specified by a generic description, individual listing is not necessary.

Accordingly, no later than **20 days** after this order is filed, defendant Trans Union LLC (improperly sued herein as Trans Union Corporation) must comply with Rule 3.1(f) so that the court can ensure that recusal is not required in this case.

**SO ORDERED**.

October 24, 2003.

A. JOE FISH
CHIEF JUDGE